**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JENNIFER GALLION and YOLANDRA DAVENPORT,** | ) | |
| | ) | **Case No.** |
| **Plaintiffs,** | ) | |
| | ) | **Hon.** |
| **vs.** | ) | **Judge Presiding** |
| | ) | |
| **JOLIET STAFFING, LLC, and WORLD CLASS DISTRIBUTION, INC.,** | ) | **Magistrate Judge** |
| | ) | **<u>JURY TRIAL DEMAND</u>** |
| **Defendants.** | ) | |

## COMPLAINT

NOW COME the Plaintiffs, Jennifer Gallion and Yolandra Davenport, by and through their counsel, LISA KANE of LISA KANE & ASSOCIATES, and complaining of Defendants, JOLIET STAFFING, LLC, and WORLD CLASS DISTRIBUTION, INC., state as follows:

## PRELIMINARY STATEMENT

1. This is an action seeking redress for violations of rights guaranteed to Plaintiffs by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 e, <u>et seq</u>. Plaintiffs seek mandatory injunctive relief and damages to redress Defendants' discriminatory employment practices.

## JURISDICTION

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C. § 2000 e <u>et seq</u>. Plaintiffs seek declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

3. Venue is proper under 28 U.S.C. § 1391 (b)(1) and (2).

## PARTIES

4. Plaintiffs, Jennifer Gallion (hereinafter "Plaintiff Gallion") and Yolandra Davenport, (hereinafter "Plaintiff Davenport") are female United States citizens who reside in Illinois.

5. Defendant, Joliet Staffing, LLC, (hereinafter "Joliet" or "Joliet Staffing") is a foreign limited liability company, doing business in Illinois, which has continuously, and does now employ more than fifteen (15) employees. Defendant, Joliet Staffing, LLC, is engaged in an industry that affects commerce and is an employer for the purposes of 42 U.S.C. § 2000e et seq.

6. Defendant, World Class Distribution, Inc., hereinafter a/k/a Trader Joe's Warehouse (hereinafter "World Class" or "World Class Distribution"), is a foreign corporation, doing business in Illinois, which has continuously, and does now employ more than fifteen (15) employees. Defendant, World Class Distribution, Inc., is engaged in an industry that affects commerce and is an employer for the purposes of 42 U.S.C. § 2000 e et seq.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff, Jennifer Gallion, filed Charges of Discrimination against each of the Defendants with the Equal Employment Opportunity Commission ("EEOC") on February 10, 2015. Charge Number 440-2015-01206 was filed against Defendant, Joliet Staffing, LLC, and Charge Number 440-2015-02469 was filed against Defendant, World Class Distribution, Inc.

8. The EEOC issued Plaintiff, Jennifer Gallion, the Notice of Right to Sue on both of the aforementioned Charges of Discrimination on March 3, 2015. The Notice of Right to Sue entitles Plaintiff, Jennifer Gallion, to initiate a civil action in the appropriate forum within ninety

(90) days of the receipt of said Notice. Plaintiff, Jennifer Gallion, initiated this action within said ninety (90) day period.

9. Plaintiff, Yolandra Davenport, filed Charges of Discrimination against each of the Defendants with the Equal Employment Opportunity Commission ("EEOC") on February 10, 2015. Charge Number 440-2015-02724 was filed against Defendant, Joliet Staffing, LLC, and Charge Number 440-2015-02723 was filed against Defendant, World Class Distribution, Inc.

10. The EEOC issued Plaintiff, Yolandra Davenport, the Notice of Right to Sue on both of the aforementioned Charges of Discrimination in March 11, 2015. The Notice of Right to Sue entitles Plaintiff, Yolandra Davenport, to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff, Yolandra Davenport, initiated this action within said ninety (90) day period.

## COMMON ALLEGATIONS

11. During all relevant times, Defendant, Joliet Staffing, LLC, has been a temporary staffing agency, which provides temporary staff to Defendant, World Class Distribution, Inc., at its Minooka, Illinois warehouse location.

12. Joliet Staffing, LLC, provides advertisement, employment screening services, background investigations, the selection of suitable candidates, the handling of human resources related issues, and timekeeping functions to World Class Distribution, Inc.

13. Joliet Staffing, LLC, issues paychecks and makes deposits of payroll taxes for its employees assigned to work at World Class Distribution, Inc.

14. Defendants contract for Joliet Staffing, LLC, to provide employees to work in the Minooka, Illinois warehouse facility of World Class Distribution, Inc.

15. Defendants, Joliet Staffing, LLC, and World Class Distribution, Inc., act directly and/or indirectly in the interest of one another in employing persons to work at the Minooka, Illinois warehouse facility of World Class Distribution, Inc.

16. Defendant, World Class Distribution, Inc.'s, supervisors and managers are present when employees of Joliet Staffing, LLC, work at its warehouse facility in Minooka, Illinois.

17. Defendant, World Class Distribution, Inc.'s supervisors and managers provide directions on the scheduling and performance of work, train, supervise, instruct and dictate the overtime work of Joliet Staffing LLC, employees during the workday at the warehouse facility of Defendant, World Class Distribution, Inc., in Minooka, Illinois.

18. At the Minooka, Illinois warehouse facility of World Class Distribution, Inc., employees of Joliet Staffing, LLC, utilize the equipment and supplies of World Class Distribution, Inc., to perform their job duties.

19. Employees of Joliet Staffing, LLC, work side-by-side at Defendant, World Class Distribution, Inc.'s Minooka, Illinois warehouse facility with other persons employed directly by World Class Distribution, Inc.

20. During the course of their employment, employees of Joliet Staffing, LLC, interact with supervisory personnel of both, Joliet Staffing, LLC, and World Class Distribution, Inc., in connection with the assignment of and the performance of daily job duties.

21. Defendant, World Class Distribution, Inc., exercises control over the terms of employment of temporary employees such that Defendants, World Class Distribution, Inc., and Joliet Staffing, LLC, share or co-determine matters governing the essential terms and conditions of the employment of such temporary employees, including decisions such as the continued performance

of work by those temporary employees at World Class Distribution, Inc.'s Minooka, Illinois warehouse facility.

22. The foregoing factors reflect that a full time employee of Joliet Staffing, LLC, working as a contract employee at the Minooka, Illinois, warehouse facility of World Class Distribution, Inc., is a joint employee of both Joliet Staffing, LLC, and World Class Distribution, Inc., pursuant to the guidelines of EEOC Notice Number 915.002, dated December 3, 1997, Subject: Enforcement Guidance: Application of EEO Laws to Contingent Workers Placed by Temporary Employment Agencies and Other Staffing Firms.

**TITLE VII**
**SEXUAL HARASSMENT**
**JENNIFER GALLION**

23. Paragraphs one (1) through twenty two (22) are incorporated by reference as if fully set out herein.

24. On September 2, 2014, Plaintiff, Jennifer Gallion, (hereinafter "Gallion")was placed by Joliet Staffing, LLC, on a work assignment as an order picker at the Minooka, Illinois, warehouse facility of defendant, World Class Distribution, Inc.

25. Throughout Gallion's employment with Defendants , she met Defendants' legitimate performance expectations, and any assertion to the contrary is pre-textual in nature.

26. Gallion's supervisors have continuously subjected her to a course of sexually hostile, abusive, and harassing conduct during her employment with Defendants based solely upon her sex, female.

27. Further, throughout the course of Gallion's employment with Defendants, Plaintiff endured relentless and persistent sexual advances by both supervisors of Joliet Staffing in addition

to World Class supervisors which were not welcomed by the Plaintiff during her employment.

28. Gallion was sexually harassed daily by both Joliet Staffing lead man, Eddie Frazier, (hereinafter "Frazier") and World Class supervisor, Andrew Crooms, (hereinafter "Crooms"). Both Crooms and Frazier made sexual demands contingent upon Plaintiff's continued employment.

29. Defendants took no action to remedy Gallion being made a target of sexual advances by supervisory personnel despite Plaintiff's opposition to the same.

30. Gallion has continually during her employment rebuffed her supervisors' sexual solicitation of her. In response to Gallion's protestations her supervisors would simply dismiss her complaints, and continue to make sexual advances towards her.

31. From the outset of her employment in September of 2014, when Gallion began working for the Defendants, Crooms and Frazier began making sexual comments and sexual advances towards her.

32. Crooms' and Frazier's sexual comments and advances took a sinister turn when they began to condition Plaintiff's continued employment at World Class, on the basis of having sexual intercourse with them.

33. Gallion was greeted with Crooms' and Frazier's menacing diatribe in reference to the stability and security of her employment with World Class, based on the condition that she acquiesce to Frazier's and Crooms' sexual demands.

34. According to Crooms, if Gallion cared to remain employed by Defendants and cared to be promoted in the future, she would need to agree to having sexual intercourse with him. Further, he stated that he would not sign her transfer order,"because you have not set that ass out yet, I am not signing off."

35. During Gallion's employment with Defendants she was subjected to a continuous course of severe and pervasive sexually derogatory, demeaning, and offensive comments by Crooms. Warehouse supervisor, Crooms, has stated to Gallion while at work in the warehouse the following:

(A) " I think two is better than one, I can handle both of you all at the same time;" referring to Plaintiff and her co-worker, Yolandra Davenport.

(B) " You need a massage, a hug, or some dick;"

(C) " Your lips would look juicy on my dick;"

(D) " When will you let me fuck that ass;"

(E) " Lord have mercy, I thank Jesus every day for a chance I have to look at that ass;"

(F) " It is about time you brought that ass over here, and let me fuck you;"

(G) " Chris is not here today, did you fuck him last night and now he can't get up;"and

(H) " People forget where they come from when they start sleeping with a certain picker, but if they was with me, I'll make it worth their time."

36. Further, Gallion was subjected to a continuous course of severe and pervasive sexually derogatory, demeaning, and offensive comments by Frazier. Joliet Staffing lead man, Eddie Frazier, has stated to Gallion while at work the following:

(A) " Your ass is so big I bet I could fit my whole head in there;"

(B) " All women are good for is only to fuck them;"

(C) " My tongue is so long if I eat you from behind I can touch your navel first;"

(D) " You know I am trying to fuck you, and you won't let me, so why should I answer your question:"

(E) " Do you like sucking dick:" and

(F) "Damn, I saw a tv program last night, and the lady's ass reminded me of yours, and I had to get up, go to the bathroom and jack off;"

(G) 'Whoa girl, I was fixing to put this python in you."

37. Crooms took advantage of his top managerial position as a Warehouse Supervisor to intimidate and thereby oppress Plaintiff to endure his constant sexual advances, and force Gallion to engage in sexual acts with him.

38. Specifically, Crooms grabbed Gallion and grinded his erect penis against her, all under the threat of Crooms terminating her employment. In addition, Crooms fondled and groped her genitalia.

39. Gallion never received any type of policy in writing regarding sexual harassment while working for Defendants. Further, she did not receive any type of training from Defendants to address sexual harassment prior to or during her employment with Defendants.

40. Defendant Joliet Staffing failed to provide any information either in writing or orally to Gallion to address sexual harassment in the workplace. Further, Defendant Joliet Staffing, lacked an onsite human resources department to express Gallion's complaints in matters relating to sexual harassment. Nonetheless, Gallion complained to Joliet Staffing managers and supervisors, to no avail.

41. Additionally, Gallion continuously reported sexual harassment to the World Class hierarchy of management including the World Class CEO, to no avail. World Class Distribution also failed to provide any policies to address sexual harassment either in writing or orally to Gallion to address sexual harassment in the workplace. Also, Plaintiff sought the assistance of Human

Resources Manager of World Class Distribution Inc., Amelda, who refused to provide any assistance to Plaintiff to ameliorate the sexually charged environment she was subjected to on a daily basis.

42. The aforementioned acts and omissions of Defendants constitute unlawful sexual harassment, in violation of the sexual harassment provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

43. As a direct and proximate result of the above alleged sexual harassment and conduct of Defendants, Plaintiff has suffered damages, including but not limited to lost and foregone wages, benefits and emotional harm and suffering.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jennifer Gallion, prays for judgment against Defendants, and respectfully requests that this Court:

A. Declare the conduct of Defendants to violate the rights guaranteed to Plaintiff, Jennifer Gallion, under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendants, and its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of sex;

C. Order Defendants to make whole Jennifer Gallion by providing the affirmative relief necessary to eradicate the effects of the unlawful practices of Defendants;

D. Order Defendants, to pay lost, foregone, and future wages to Plaintiff, Jennifer Gallion;

E. Grant Plaintiff, Jennifer Gallion, actual consequential, compensatory, punitive, and

any other damages the Court may deem appropriate against Defendants;

F. Grant Plaintiff, Jennifer Gallion, her attorney's fees, costs, disbursements; and

G. Grant Plaintiff, Jennifer Gallion, such further relief as the Court deems necessary and proper in the public interest.

**JURY DEMAND**

44. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

**TITLE VII**
**SEXUAL HARASSMENT**
**YOLANDRA DAVENPORT**

45. Paragraphs one (1) through six(6), and paragraphs(9) through twenty two (22) are incorporated by reference as fully set out herein. Plaintiff, Yolandra Davenport, brings this claim against Defendants Joliet Staffing and World Class Distribution, Inc.

46. On September 2, 2014, Davenport was placed by Joliet Staffing, LLC., on a work assignment as an order picker at the Minooka, Illinois, warehouse facility of Defendant World Class Distribution, Inc..

47. Throughout Davenport's employment with Defendants, she met Defendants' legitimate performance expectations, and any assertion to the contrary is pre-textual in nature.

48. Davenport's supervisors have continuously subjected her to a course of sexually hostile, abusive, and harassing conduct during her employment with Defendants based solely upon her sex, female.

49. Further, Davenport throughout the course of her employment with Defendants,

endured relentless and persistent sexual advances by both supervisors of Joliet Staffing in addition to World Class Distribution supervisors which were not welcomed by her during her employment.

50. Davenport, like Gallion, was sexually harassed by both Joliet Staffing lead man, Eddie Frazier, (hereinafter "Frazier") and World Class supervisor, Andrew Crooms, (hereinafter "Crooms"). Both Crooms and Frazier made sexual demands contingent upon Davenport's continued employment.

51. Neither Joliet Staffing nor Worldwide Class Distribution took any remedial action to remedy Davenport being made a target of sexual advances by supervisory personnel despite her opposition to the same.

52. Davenport has continually during her employment rebuffed her supervisors' sexual solicitation of her. In response to Davenport's protestations her supervisors would simply dismiss her complaints, and continue to make sexual advances towards her.

53. From the outset of her employment in September of 2014 when Davenport began working for the Defendants, Crooms and Frazier began making sexual comments and sexual advances towards Davenport.

54. Crooms' and Frazier's sexual comments and advances took a sinister turn when they began to condition Davenport's continued employment at World Class, on the basis of having sexual intercourse with them.

55. Davenport was greeted with Crooms and Fraziers menacing diatribe in reference to the stability and security of her employment with World Class, based on the condition that she acquiesce to Frazier's and Crooms' sexual demands.

56. According to Crooms, if Davenport cared to remain employed by Defendants and

cared to be promoted in the future, she would need to agree to having sexual intercourse with him. Further he stated to both she and Gallion that he would not sign a transfer order, "because you have not set that ass out yet, I am not signing off.."

57. During Davenport's employment with Defendants she was subjected to a continuous course of severe and pervasive sexually derogatory, demeaning, and offensive comments by Crooms. Warehouse supervisor, Crooms, has stated to Davenport while at work in the warehouse the following:

(A) "I bet your asshole feels good" while standing close to Davenport, at which time Crooms was obviously in a physically aroused state.

(B) "You need a good fuck and some real dick to suck on, because evidently you have not run across the right nigga to teach you how to respect a man;"

(C) "Don't worry, I am gonna tighten up that pussy sooner than you think;"

(D) "Can I suck on your pussy real good while your [girl friend] suck my dick because her lips lick juicy while she is sucking on that sucker?;

(E) "The only way you'll get off early today as if you make your fat pussy my treat;"

(F) "If you let me fuck you in your asshole after I suck on your pussy for at least an hour, I guarantee I can make you come at least six(6) times back to back," and

(G) "I think two is better than one, I think I can handle both of you all at the same time."

58. Further, Davenport was subjected to a continuous course of severe and pervasive sexually derogatory, demeaning, and offensive comments by Frazier. Defendant's lead man, Eddie Frazier, has stated to Davenport while at work the following:

(A) " Women don't last in this department because they are good for one thing–fucking and sucking dick;"

(B) "This big black chocolate dick is for Jennifer Gallion's juicy ass;"

(C) "I want you to watch me suck on one of Jennifer's tits."

59. Crooms took advantage of his top managerial position as a Warehouse Supervisor to intimidate and thereby oppress Davenport to endure his constant sexual advances, and force Davenport to engage in sexual acts with him.

60. Davenport never received any type of policy in writing regarding sexual harassment while working for Defendants. Further, she did not receive any type of training from Defendants to address sexual harassment prior to or during her employment with Defendant.

61. Joliet Staffing failed to provide any information either in writing or orally to Davenport to address sexual harassment in the workplace. Further, Defendant Joliet Staffing, lacked an onsite human resources department to express Davenport's complaints in matters relating to sexual harassment. Nonetheless, Davenport complained to Joliet Staffing managers, and supervisors to no avail.

62. Additionally, Davenport continuously reported sexual harassment to the World Class Distribution hierarchy of management including the World Class CEO, to no avail. World Class Distribution failed to provide any information either in writing or orally to Davenport to address sexual harassment in the workplace. Also, Plaintiff sought the assistance of Human Resources Manager of World Class Distribution Inc., Amelda, who refused to provide any assistance to Plaintiff to ameliorate the sexually charged environment she was subjected to on a daily basis.

63. The aforementioned acts and omissions of Defendants constitute unlawful sexual

harassment, in violation of the sexual harassment provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

64. As a direct and proximate result of the above alleged sexual harassment and conduct of Defendants, Plaintiff has suffered damages, including but not limited to lost and foregone wages, benefits and emotional harm and suffering.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Yolandra Davenport, prays for judgment against Defendants, and respectfully requests that this Court:

A. Declare the conduct of Defendants to violate the rights guaranteed to Plaintiff, Yolandra Davenport, under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendants, and its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of sex;

C. Order Defendants to make whole Yolandra Davenport by providing the affirmative relief necessary to eradicate the effects of the unlawful practices of Defendants;

D. Order Defendants, to pay lost, foregone, and future wages to Plaintiff, Yolandra Davenport;

E. Grant Plaintiff, Yolandra Davenport, actual consequential, compensatory, punitive, and any other damages the Court may deem appropriate against Defendants;

F. Grant Plaintiff, Yolandra Davenport, her attorney's fees, costs, disbursements; and

G. Grant Plaintiff, Yolandra Davenport, such further relief as the Court deems necessary and proper in the public interest.

## JURY DEMAND

65. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

Respectfully submitted,
JENNIFER GALLION and YOLANDRA DAVENPORT, Plaintiffs,

By: s/ Lisa Kane
Lisa Kane, Attorney for Plaintiffs

LISA KANE & ASSOCIATES
Attorney for Plaintiffs
141 West Jackson Boulevard
Suite 3620
Chicago, Illinois 60604
(312) 606-0383
Attorney Code No. 06203093
lisakane@sbcglobal.net