**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JENNIFER GALLION and YOLANDRA DAVENPORT,** | ) | |
| | ) | **Case No. 15 CV 04438** |
| **Plaintiffs,** | ) | |
| | ) | **Hon. Virginia M. Kendall Judge Presiding** |
| **vs.** | ) | |
| | ) | |
| **JOLIET STAFFING, LLC, and WORLD CLASS DISTRIBUTION, INC.,** | ) | **Magistrate Judge Cole** |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFFS' MOTION FOR ORDER COMPELLING DEFENDANTS TO PROVIDE CONFIRMED DEPOSITION DATES

NOW COME the Plaintiffs, Jennifer Gallion and Yolandra Davenport, by and through their counsel, LISA KANE of LISA KANE & ASSOCIATES, and respectfully request the entry of an Order requiring the Defendants, Joliet Staffing, LLC, and World Class Distribution, Inc., to provide confirmed deposition dates, and as grounds for said Motion, state as follows:

1. Plaintiffs' Complaint, filed herein on May 20, 2015, contains allegations of egregious sexual harassment to which the Plaintiffs were subjected during their employment with the Defendants.

2. Defendants' Answer was filed in this matter on June 25, 2015.

3. Plaintiffs served their Notice of Depositions in this matter on July 1, 2015, requesting the depositions of nine (9) witnesses (each of which was scheduled to commence at 9:30 a.m., on separate dates for each deponent), to begin in Mid-August of 2015. (See Exhibit A)

4. More than eleven (11) Rule 37 letters have been sent to Defense Counsel pursuant

to F.R.C.P. 37 to obtain availability of witnesses and counsel for the purpose of completing the Depositions which were originally noticed on July 1, 2015.

5. A Rule 37 conference was had between the lawyers for the purposes of scheduling depositions and other related matters on August 4, 2015,at which time Defense counsel, Jason Keck, represented dates for availability for depositions would be forthcoming in the near future. At the time of filing this motion on September 14, 2015, not one single date for a deposition has been provided by Defendants despite the representations of Defense counsel, Jason Keck.

6. Plaintiff's counsel Lisa Kane has requested two additional Rule 37 conferences to address the issue of scheduling depositions on August 24, 2015 and August 31, 2015 to no avail. Frankly these efforts to avoid judicial intervention have been ignored by Defense counsel, despite their obligations to follow the Federal and Local Rules guiding Civil Practice in the Northern District Courts.

7. Among the witnesses whose depositions were initially requested by Plaintiffs to be deposed were two (2) supervisors, two local (2) human resource representatives, Imelda Mandujano and Yasmina Guerra, and four (4) former coworkers.

8. On July 6, 2015, the attorney for Defendants communicated that a response relative to the Notice of Depositions would be provided "after we figure out certain representation issues,... After that, I suggest we get together and discuss mutually agreeable dates that works for everyone's calendar." (See Exhibit B)

9. On July 10, 2015, Plaintiffs' attorney corresponded with defense counsel requesting that the address information be provided for all noticed deponents so that deposition subpoenas could be prepared and served "to insure their appearance while you work out your 'representation issues.'"

(See Exhibit C)

10. Although Plaintiffs' Notice of Depositions provided the first name of the two (2) human resources individuals and specifically identified those individuals as human resources representatives, on July 13, 2015, counsel for the Defendant inexplicably represented he could not identify those persons. (See Exhibit D)

11. On July 14, 2015, Plaintiffs' attorney requested that the Defendants' attorneys provide available dates for depositions to proceed in this matter. (See Exhibit E)

12. On July 21, 2015, Plaintiffs' attorney again requested that available dates be provided for the witnesses' depositions. (See Exhibit F)

13. Further, Plaintiffs' attorney addressed the failure of defense counsel to provide available dates for depositions and requested a Rule 37 conference. (See Exhibit G)

14. Counsel for the parties held the requisite Rule 37 conference on August 4, 2015, regarding deposition scheduling.

15. On August 6, 2015, Defendants' attorney provided last known addresses for several of the requested witnesses, but continued in delay tactics with respect to Defendants' two (2) human resources representatives, Imelda Mandujano and Yasmina Guerra. Defendants' attorney indicated it would provide Imelda Mandujano but that Yasmina Guerra was no longer employed by Joliet Staffing, and again, they "have reached out to her to determine if we can represent her for purposes of the depositions." (See Exhibit H)

16. In the correspondence of August 6, 2015, Defendants' attorney represented that the entire week of August 31, 2015, had been blocked off for depositions in this matter. However, not all dates during that week were available for Plaintiff's counsel. (See Exhibit H)

17. On August 18, 2015, Plaintiffs' attorney again forwarded correspondence to Defendants' attorney requesting that available dates be provided for depositions during September of 2015. Further, it was again requested that Defendants' attorney provide the address of human resources representative, Yasmina Guerra, so that deposition subpoenas could be issued and served upon her. (See Exhibit I)

18. Further correspondence, pursuant to Fed. R. Civ. P. 37 was forwarded to Defendants' attorney on August 24, 2015, at which time a Rule 37 conference was requested on the outstanding discovery issues in this matter. (See Exhibit J)

19. On August 24, 2015, Defendants' attorney responded to Plaintiffs' attorney's correspondence of the same date, for the first time stating "[w]e are happy to provide dates but we have no idea how many dates you are looking for, who you are intending to depose, or how long any such deposition(s) might last or how much time we need to block off...These are your depositions, so why don't you let us know the aforementioned information and propose some dates so we can check with our availability and our client's." (See Exhibit K) This statement was made by Defense counsel, Jason Keck, despite having received a notice of deposition identifying the same on July 1, 2015.

20. Plaintiffs' Second Notice of Depositions was served on August 27, 2015, requesting the depositions of two (2) additional human resources representatives, Kathy Monge and Jennifer Valdez, and Joliet Staffing, LLC, Director of Operations, Rick Wilson, disclosed in Defendants' discovery responses. Each of the foregoing depositions was scheduled to commence at 9:30 a.m., and on separate dates for each deponent. Plaintiffs' attorney requested confirmation of the same no later than August 31, 2015. (See Exhibit L)

21. On August 27, 2015, Plaintiffs' attorney again requested that defense counsel provide the address of Yasmina Guerra no later than August 28, 2015. (See Exhibit M)

22. Counsel for the Defendants disclosed on August 28, 2015, that the three (3) foregoing individuals reside and work in California, and for the first time provided the address of Yasmina Guerra, which had been requested since July 10, 2015. (See Exhibit N)

23. As is apparent from the foregoing, numerous letters have been forwarded to counsel for Defendants pursuant to Federal Rule of Civil Procedure 37 relative to the scheduling of depositions.

24. On August 24, and August 31, 2015, a request was made by Lisa Kane, counsel for Plaintiffs, for another Rule 37 conference between counsel for the parties, to eradicate the need of judicial intervention on the issue of scheduling depositions pursuant to Local Rule 37.2, to which Defendants' counsel has failed to respond to date. (See Exhibit J, Exhibit N and Exhibit O).

25. On September 2, 2015, the only deposition to proceed thus far was that of subpoenaed witness, Steve Sutton. Following the deposition of witness Sutton, Plaintiffs' counsel again requested that deposition dates be provided and indicated to defense counsel that the depositions of those persons residing and working in California would be conducted by telephone.

26. Once again, on September 4, 2015, Plaintiffs' counsel requested that deposition dates be provided no later than September 10, 2015, and no response has been received to date to that request. (See Exhibit P)

27. The parties are at an impasse with respect to the scheduling of the remaining depositions.

28. Plaintiffs have made every attempt to resolve the differences that exist on the issues

surrounding the deposition scheduling and further, have made every attempt to comply with this Court's requirements for the bringing of this Motion to Compel.

29. Discovery in this matter is set to close on November 13, 2015. To date Defense counsel has refused to provide alternative dates to complete the necessary oral discovery in this matter despite numerous Rule 37 letters for the last two and half months and the requisite Rule 37 conference as a predicate to this motion.

30. This Motion is made in the interests of justice and not for purposes of delay with Plaintiffs' attorney having exhausted all possibilities of resolving discovery issues to complete discovery by the deadline of November 13, 2015, set by this Honorable Court.

WHEREFORE, Plaintiffs, JENNIFER GALLION and YOLANDRA DAVENPORT, by their attorney, LISA KANE of LISA KANE & ASSOCIATES, respectfully request that this Honorable Court enter an Order requiring the Defendants to immediately provide dates certain for the depositions to take place to ensure the timely completion of discovery in this matter, and any other relief this Court deems appropriate under the circumstances.

Respectfully submitted,
JENNIFER GALLION and
YOLANDRA DAVENPORT,
Plaintiffs,

By: s/ Lisa Kane
Lisa Kane, Attorney for Plaintiffs

Lisa Kane & Associates
Attorney for Plaintiffs
141 West Jackson Boulevard, Suite 3620
Chicago, IL 60604
(312) 606-0383
Attorney Code No. 06203093
lisakane@sbcglobal.net